JOSEPH DAVIS *v.* MYRON YUDKIN ET AL.
(2944)

BORDEN, SPALLONE and DALY, Js.

Argued February 7—decision released April 23—upon reconsideration, affirmed July 9, 1985

---

*Wick Chambers,* for the appellant (plaintiff).

*Lewis R. Whitehead,* for the appellees (defendants).

DALY, J. The plaintiff is seeking a declaratory judgment and an injunction against the defendants, the Woodbridge plan and zoning commission and its members, claiming a predetermination by them concerning applications to subdivide his house lot and raising the constitutionality of a zoning regulation.[1] The defendants pleaded, by way of special defense, that the plaintiff failed to take a timely appeal from the defendants' action under §§ 8-8 and 8-9 of the General Statutes. From a judgment rendered in favor of the defendants, the plaintiff has appealed.

The parties filed a stipulation of facts which provided, inter alia, the following: The plaintiff included his house lot along with other lots in order to obtain subdivision approval from the defendants, which approval was granted. When the plaintiff subsequently attempted on two occasions to receive permission to resubdivide said house lot, the defendants denied the applications. No appeal was taken from any action of the defendants. Instead, the plaintiff subsequently filed the present action for declaratory and injunctive relief.

The plaintiff sought an injunction to require the defendants to approve the subdivision application on

---

[1] The plaintiff also made two other claims, but those counts of the complaint were withdrawn.

the ground that the board had predetermined its decision on that application. We note that if the plaintiff has an adequate remedy at law, he is not entitled to an injunction. *Stocker* v. *Waterbury*, 154 Conn. 446, 226 A.2d 514 (1967). General Statutes § 8-9 provides: "Appeals from zoning commissions and planning and zoning commissions may be taken to the superior court and, upon certification for review, to the appellate court in the manner provided in section 8-8."

The plaintiff's right to Superior Court review of the commission's denial is an adequate legal remedy barring injunctive relief.

Additionally, our Supreme Court has frequently stated that when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 598, 409 A.2d 1029 (1979).

The plaintiff followed the proper procedure, however, for challenging the constitutionality of the zoning regulation. Had the plaintiff availed himself of the statutory right of appeal from the adverse decisions of the town plan and zoning commission, he could not have challenged the constitutionality of the zoning regulation in that proceeding. The rule extant in zoning cases is that "a party cannot seek the relief provided in an ordinance or statute and later in the same proceeding raise the question of its constitutionality." *Helbig* v. *Zoning Commission*, 185 Conn. 294, 298, 440 A.2d 940 (1981).

The regulation challenged by the plaintiff is § 3.43 of the Woodbridge zoning regulations, which provides in pertinent part: "The provisions of this section are

intended to permit the use of land which has been unintentionally landlocked or deprived of minimum lot frontage . . . . "[2] The plaintiff claims that this phrase is unconstitutional in that it is vague and uncertain and fails to give reasonable notice of the standard by which the defendants are bound.

The trial court, in a well reasoned analysis, upheld the constitutionality of the zoning regulation. We agree that the regulation is not unconstitutionally vague. Every statute is presumed to be constitutional and invalidity is required to be established beyond a reasonable doubt. *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo,* 190 Conn. 510, 522, 461 A.2d 938 (1983). The plaintiff has not met this heavy burden.

There is no error.

In this opinion the other judges concurred.

---

[2] Section 3.43 of the Woodbridge Zoning Regulations provides: *"Rear Lot.* The provisions of this section are intended to permit the use of land which has been unintentionally landlocked or deprived of minimum lot frontage on an accepted street, or in the case of a subdivision on an approved street, where topography or the unusual shape of the property lends itself to the use of a rear lot to accomplish the best use of the land. The Commission may authorize the issuance of a zoning permit with or without conditions for the erection of a single family dwelling and accessory facilities on a rear lot upon application if it finds that the public health and welfare will not be substantially adversely affected and if it finds that such a lot provides for the best development of the land taking into consideration difficult drainage, difficult configuration, inaccessibility, temporary flooding, steep topography, utility lines, traffic safety and right-of-access."