RONALD CRETARO ET AL. *v.* EQUITEC REAL ESTATE
INVESTORS FUND XII ET AL.
(3658)

DUPONT, C. J., BORDEN and ALLEN, Js.

Argued November 26, 1985—decision released February 25, 1986

*John Q. Gale,* for the appellants (plaintiffs).

*John F. McKenna,* with whom, on the brief, was *Richard Goodman,* for the appellees (named defendant et al.).

*Lisa Silvestri,* for the appellees (defendant Hartford Zoning Board of Appeals et al.).

ALLEN, J. The plaintiffs, taxpayers and owners of property in the city of Hartford, sought an injunction against the defendant Equitec Real Estate Investors Fund XII (Equitec) to prevent it from constructing additions to its property located at 60 Washington Street in Hartford. The plaintiffs are also seeking an injunction against the city and two of its employees[1] to prevent them from issuing any building or zoning permits.

On August 10, 1983, the defendant Marvin S. Savin was the owner of the subject property. On August 10, 1983, he requested a zoning permit to add sixteen stories to the existing office structure and add three stories to the adjoining garage of the subject property. The property is currently in an RO1 zoning district, a residential office zone. That request for a permit was denied by the city's zoning administrator. Savin appealed the denial of his request for a permit to the zoning board of appeals (ZBA), which sustained his appeal and granted his application for a permit. The city, through its common council, appealed the ZBA's decision to the Superior Court. That appeal was withdrawn. Subsequently, Savin sold the property to the defendant Equitec.

The plaintiffs did not seek to join the appeal from the decision of the ZBA. Instead, they brought this independent action for an injunction, a declaratory judgment and damages. The defendants moved to dismiss the action for two reasons. First, they claimed that despite the plaintiffs' request for injunctive relief, their pleadings constitute an administrative appeal. Second, they claimed that the plaintiffs failed to comply with the time limit for filing such an appeal as set forth in

---

[1] The two individual defendants are those officials responsible for issuing building and zoning permits.

General Statutes § 8-8. The trial court dismissed the action. This is an appeal from that dismissal. We find no error.

The primary issue raised in this action was also raised in a recent case decided by this court. *Davis* v. *Yudkin,* 3 Conn. App. 576, 495 A.2d 714 (1985). "[I]f the plaintiff has an adequate remedy at law, he is not entitled to an injunction. *Stocker* v. *Waterbury,* 154 Conn. 446, 226 A.2d 514 (1967). General Statutes § 8-9 provides: 'Appeals from zoning commissions and planning and zoning commissions may be taken to the superior court and, upon certification for review, to the appellate court in the manner provided in section 8-8.' " *Davis* v. *Yudkin,* supra, 577–78.

The plaintiffs' right to Superior Court review of the ZBA's decision is an adequate legal remedy. Id., 578. Furthermore, a party may not bring an independent action to test the very issue which the appeal was designed to test. *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979); *Davis* v. *Yudkin,* supra.

The plaintiffs claim that they may maintain this action for injunctive relief because the ZBA had no jurisdiction to act as it did. The cases cited by plaintiffs are inapplicable. They either involve cases where there was no jurisdiction due to defective notice; *DiCamillo* v. *Clomiro,* 174 Conn. 351, 387 A.2d 560 (1978); *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 111 A.2d 552 (1955); or cases which involve a court exceeding its limited statutory authority; *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 192 A.2d 44 (1963); *Consenza* v. *Whitmore,* 37 Conn. Sup. 541, 425 A.2d 949 (1981); or where the validity of a statute or ordinance was attacked. *Aaron* v. *Conservation Commission,* 178 Conn. 173, 422 A.2d 290 (1979). The powers granted to the Hartford ZBA are set forth in

the charter of the city of Hartford, chapter XIX, § 10. The allegations of the plaintiffs' complaint which claim that the ZBA acted illegally and arbitrarily do not raise true issues of jurisdiction. The ZBA clearly had jurisdiction to hear the matter. Whether it acted illegally and arbitrarily is the very question which should have been raised on appeal.

The plaintiffs also claim they may maintain an injunctive action to challenge the decision of the ZBA because of the "peculiar and unusual circumstances of the case," citing *Scoville* v. *Ronalter,* 162 Conn. 67, 291 A.2d 222 (1971). In that case, an action for injunction was allowed because no board of appeals had been appointed to which the plaintiffs could appeal. We fail to see any such peculiar and unusual circumstances in this case. The issues appear to be no different from a myriad of other zoning disputes that are governed by the statutory appeal process set forth in General Statutes § 8-8.

The plaintiffs next claim that their independent action is justified because the actions of the ZBA were unconstitutional. We agree with the trial court that the plaintiffs' conclusory claims of unconstitutionality do not draw support from their underlying factual allegations. The facts alleged in the complaint do not raise constitutional issues.

The plaintiffs also claim that they may maintain this action as a taxpayers' action and as an action for common law nuisance. It is true that five of the plaintiffs allege their status as taxpayers of the city of Hartford. It is also true that all of the plaintiffs, although they do not use the term "nuisance" in the complaint, allege that the quality of their life as neighbors of the property will deteriorate, and that the value of their homes will diminish, due to such factors as increased noise, worsened air quality, increased traffic, shadow, glare,

obscured view from their residences, decrease in safety, and a general change in the character of their neighborhood.

The critical flaw in the plaintiffs' argument, however, is that they allege that all these harms will come to them "[a]s a result of the illegal action of the Zoning Board of Appeals . . . ." Their claims regarding the deterioration of their neighborhood and the decrease in the value of their homes are precisely what they would have had to allege in order for them to establish aggrievement in an appeal from the action of the ZBA. Thus, it is clear that, even as to those counts of the complaint which they claim to support taxpayers' claims and actions for nuisance, the common gist of their claims is premised on the illegality of the action of the ZBA. We conclude, therefore, that the plaintiffs' taxpayers' action and nuisance counts come within the established rule that a party may not bring an independent action to test the very issues which the zoning appeal was designed to test. *Carpenter* v. *Planning & Zoning Commission,* supra.

At oral argument, the plaintiffs claimed that the motion to dismiss heard before the trial court should in fact have been a motion to strike. They did not raise this issue in the preliminary statement of issues filed by them, nor was the issue briefed by the plaintiffs. Furthermore, since they failed to provide a transcript of the proceedings before the trial court, we do not know if the matter was raised in oral argument before the trial court. Their brief filed with the trial court did not raise the issue. This claim is, therefore, not properly before this court. *Bowman* v. *Williams,* 5 Conn. App. 235, 240, 497 A.2d 1015 (1985).

There is no error.

In this opinion the other judges concurred.