[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
Plaintiff applied for a prejudgment remedy against the defendant Donald Byington, Jr., only. At the hearing, plaintiff offered evidence that defendant executed a promissory note which is in default and that plaintiff has been called upon to pay debts originally incurred by both parties but which defendant is obligated to pay by virtue of a contract between the parties dissolving a partnership.
Defendant offered no evidence, but challenged the application on two grounds. First, defendant claims that the evidence disclosed a fiduciary relationship with plaintiff being the fiduciary because of his superior financial knowledge and CT Page 8756 sophistication. Based on that relationship, there is a presumption of fraud in business dealings between the parties which plaintiff here would have to overcome by clear, convincing and unequivocal evidence. See Dunham v. Dunham, 204 Conn. 303,321 (1987). Defendant claims that plaintiff's evidence falls far short of probable cause in light of that fiduciary relationship and evidentiary burden.
The short answer to this claim is that no special relationship of trust and confidence was established by the evidence. Plaintiff is a Certified Public Accountant who had given the defendant tax advice since 1975 or 1976 and entered a business partnership with him in 1985 to develop certain real estate. Defendant is currently a fire chief but formerly was a banker. There was no evidence that plaintiff had superior knowledge and skill in real estate development. In fact, a fair inference from the evidence might be that defendant, by virtue of his involvement with real estate development, had skill and knowledge superior to plaintiff's. This challenge is not substantiated by the evidence and must fail.
Defendant's other and more vigorously pursued claim is that the Connecticut prejudgment remedy statute is unconstitutional because its probable cause standard, as interpreted by Connecticut courts, violates federal constitutional due process. Defendant cites language in Connecticut v. Doehr, 501 U.S. ___, 115 L.Ed.2d 1,111 S.Ct. ___ (1991) in support of this claim.
The Doehr case held that ex parte real estate attachments under Connecticut General Statutes 52-278e(a)(1) violated the due process clause of the United States Constitution; however, the court did not rule the entire prejudgment remedy statutory scheme unconstitutional. Defendant argues that in the United States Supreme Court's analysis of the due process question its condemnation of Connecticut's probable cause standard as "obscure" and the cases interpreting the statute as creating "confusion" means that the standard does not pass constitutional muster.
A party challenging the constitutionality of a statute has a heavy burden. That party must show that the statute is unconstitutional beyond a reasonable doubt. Davis v. Yudkin,3 Conn. App. 576, 579 (1985), cert. den. 197 Conn. 805. The court agrees with plaintiff that the Doehr court's discussion of Connecticut's probable cause standard is dicta. The court was not called upon to decide whether the probable cause standard as interpreted by the Connecticut Supreme Court violated federal due process. Rather, the Doehr court had to determine if ex parte real estate attachments, absent exigent circumstances, CT Page 8757 were an unconstitutional deprivation of property under any Connecticut standard of review of the documents presented in support of the application for attachment. The court cannot find the statute unconstitutional beyond a reasonable doubt.
Based on the evidence presented, the court finds probable cause to sustain the validity of plaintiff's claim. The evidence of the note, default in payment and the involuntary payment[1] by plaintiff of debts properly the obligation of the defendant also shows probable cause that a judgment will be rendered in plaintiff's favor.
The application is granted to attach to the value of $599,000.00.
E. EUGENE SPEAR, JUDGE