[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4420
The plaintiff in this case is the Zoning Enforcement Officer of the town of Stafford. He seeks to enjoin the defendants from using their property as a dog kennel and dog I training operation, which he alleges is being done in violation of the zoning regulations for the town of Stafford.
The defendants, (who will be referred to in the singular) claim, by way of special defense, that the zoning regulations are unconstitutionally vague in that they do not define the term "kennel," and also that the plaintiff, having certified to the State of Connecticut Department of Agriculture that a dog training facility on the property complies with the local zoning regulations, is estopped from claiming the facility violates those same regulations.
The property in question is situated in an Industrial Zone (Stafford zoning regulations have been in effect at all times relevant to this case). Pursuant to Sections 217 and 208 of the zoning regulations, kennels rand veterinary hospitals] are permitted only in rural and single family residence zones, and then only as a special permit use. There is an exception to these zoning provisions, that is common household pets such as dogs or cats if the total number of said animals is five (5) or less, Stafford Zoning Regulations — Sections 208 and 217, but with that exception, kennels are not a permitted use in an Industrial Zone.
In 1983, the defendant's son obtained building permits to erect a residence and a five (5) dog kennel on the property. The residence was built in 1984 and, at the same time, a kennel was erected with five (5) separate runs attached to five (5) units for housing dogs. (See defendant's exhibits N and M). The overall dimensions of the kennel were 12' x 30', with a full basement and oil heat. A second building (26' x 30') was also erected with a garage, whelping room for puppies, a gym, restrooms and a kitchenette. There were other items of construction including an office with the cost of construction of the kennel and other buildings being $180,000.00 (Defendant's exhibit 5).
The following chronology is set forth to understand the factual basis involved in this dispute. CT Page 4421
In December 1989, the plaintiff, after receiving a number of complaints from families in the neighborhood, issued a "cease and desist" order demanding that the defendant remove all dogs except five (5), as permitted under the regulations, and except any puppies under six (6) months old. (Plaintiff's exhibit 4).
In January 1990, the defendant applied to the Stafford Planning Zoning Commission for a Special Use Permit for a "dog kennel and training, supplies," which also states that "dogs to be bred on property, boarded, and groomed and trained and sold." This application was denied after hearing on March 27, 1990, for the reason that "variance on the property (Industrial) is AA status to house only. Kennels not allowed in industrial zone.
On January 20, 1990, the defendant had a fence erected at the kennels at a cost of $43,000.00.
On January 26, 1990, the plaintiff inspected the property to determine compliance with his cease and desist order of the previous month. He found that the defendant was in compliance with not more than five (5) dogs over six (6) months of age. (Defendant's exhibit B).
On March 29, 1990 (following the denial of the Special Use Permit on March 27, 1990), the plaintiff issued a second cease and desist order. (Plaintiff's exhibit 7).
On July 5, 1990, the defendant applied to the Connecticut Department of Agriculture Canine Control Division for a permit to operate a dog training facility. The application required a certification that the facility conformed to existing town zoning regulations. On July 6, 1990, the plaintiff mistakenly certified that the location and proposed use were in conformity with the town zoning regulations. (Defendant's exhibit C).
On July 10, 1990 the plaintiff again certified as to conformity with zoning regulation on a second application prepared by the defendant for a dog training facility. The only difference between the applications of July 5th and July 10th was that the prior one listed locations in addition to the property presently in dispute. (Defendant's exhibit D). CT Page 4422
On July 17, 1990, the Commissioner of Agriculture granted the defendant a license to operate a training facility, which expired on December 31, 1990. (Defendant's exhibit O).
(The license was renewed annually in 1990 and 1991, and the last expiration date was December 31, 1992).
On July 1, 1991, the Canine Officer for Stafford wrote to the plaintiff concerning complaints he had received. He pointed out that the defendant had thirty (30) dogs under license on the property. (Plaintiff's exhibit 8).
On July 5, 1991, the plaintiff sent the defendant a third cease and desist order prohibiting the defendant from keeping more than five (5) dogs. (Plaintiff's exhibit 9).
On April 23, 1992, the facility was inspected by the Department of Agriculture's inspector and it was approved by that agency as a training facility.
From the foregoing chronology, the Court will turn to the legal issues raised in this case.
ESTOPPEL
 The general rule is that estoppel may not be invoked when a government is functioning in its governmental capacity. That rule, however, is not without its limitations. A municipality may be equitably estopped from enforcing its zoning laws (1) when a violation has been unjustifiably induced by the agents who have authority in such matters, (2) when special circumstances make it highly inequitable or oppressive to enforce them, and (3) when great caution has been exercised. (emphasis added).
(Citations omitted). West Hartford v. Gelinas, 18 Conn. App. 688,690-91, (1989). Thus, in order to prevail on an estoppel claim against a municipality, a defendant must first prove that the town, acting through an agent who possessed authority in the matter, unjustifiably induced the defendant to commit the violation. Zoning Commission v. Lescynski, CT Page 4423188 Conn. 724, 731 (1982).
In this case, the Court cannot conclude that the plaintiff unjustifiably induced the defendant into building the dog facility. The kennel, as built in 1984, was designed to house five (5) dogs which was within the exception to the zoning regulations concerning kennels. The plaintiff was not aware of any kennel facility beyond that, and did nothing to induce any such additional building.
If any unjustifiable inducement was caused by the plaintiff, it could not have occurred until July 5, 1990 when the plaintiff, acting in his capacity as town zoning enforcement officer, certified that the defendant's property, and corresponding use, were "in conformity with existing town zoning regulations." Therefore, it follows that the plaintiff's actions on or after July 5, 1990 could not have induced the defendant to commit the violation which occurred when the defendant built the facility and began to keep more than five dogs on the property on or about April, 1984. The defendant presented evidence of two major expenditures made by him, one on April 1, 1984 ($180,000.00 for construction) and one on January 20, 1990 ($43,000.00 to erect a fence). These expenditures could not have been induced by the plaintiff's actions because each was made before July 5, 1990.
The only actions by the defendant which arguably could have been induced by the plaintiff's certification that the defendant's property complied with town zoning regulations was the defendant's procurement of numerous dog licenses from the town after July 5, 1990 (See defendant's exhibits E-L).
In his special defense, the defendant points to a January 26, 1990 letter wherein the plaintiff, in his capacity as town zoning enforcement officer, notified the Stafford Planning Zoning Commission that the defendant's use of his property was ". . .legal with the amount of dogs he has on the property." (See defendant's exhibit B). This letter cannot serve to estop the plaintiff from enforcing the zoning regulations because the letter was written by the plaintiff to confirm the defendant's compliance with the December 22, 1989 cease and desist order and not to determine the defendant's compliance with zoning regulations. (See plaintiff's exhibit B). CT Page 4424
Since there is no basis for the Court to conclude that the plaintiff, or any other town official, unjustifiably induced the defendant into committing the zoning violation, the defendant cannot obtain relief through his estoppel theory.
The defendant next argues that the Town of Stafford Zoning Regulations, as they pertain to kennels, are unconstitutionally vague in that they fail to define the term "kennel" yet may subject one to fines and penalities pursuant to Connecticut General Statutes Section 8-12. The defendant argues that the town zoning regulations violate Article 1 Section 9 of the Connecticut Constitution. This argument is not persuasive. Every statute or regulation is presumed constitutional and invalidity is required to be established beyond a reasonable doubt. Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510,522, 461 A.2d 938 (1983); Davis v. Sudkin, 3 Conn. App. 576,495 A.2d 714 (1985). The burden of showing that regulations are unconstitutionally vague rests with the party challenging the regulation; Barberino Realty Development v. Planning Zoning Commission, 222 Conn. 607, 620,610 A.2d 1205 (1992); who must show that the regulation complained of is impermissibly vague as applied to the facts of the particular case. Id.; Bombero v. Planning Zoning Commission, 218 Conn. 737, 743, 59, A.2d 390 (1991).
The defendant's assertions that the regulation is unconstitutionally vague, does not meet the "heavy burden" of proof required to find that a regulation is unconstitutionally vague. The term kennel is not a word of art and in ordinary usage simply means a place where dogs are bred or kept or housed. It is defined in Connecticut General Statutes Sections 22-327 as a collection of dogs on a single premise for show, sports or sale. A commercial kennel is defined as a kennel maintained as a business for boarding or grooming dogs. These definitions comport with the ordinary usage of the term.
The defendant breeds, raises, trains and sells dogs. Some training can take as long as one and one half years. He consistently has thirty (30) dogs or more housed on the property, and in 1992 took out some seventy (70) dog kennel licenses. By any reasonable and usual definition the CT Page 4425 defendant operates a kennel, and in so doing is violating applicable zoning regulations.
For the foregoing reasons, a permanent injunction shall issue prohibiting the defendants, their agents, heirs and assignees, from operating a kennel on property known as 20 Diamond Ledge Road in Stafford Springs; from keeping more than the five (5) dogs six (6) months of age or older permitted as common household pets under Section 217 of the zoning regulations.
The effective date of this injunction shall be May 31, 1993.
While there may have been a technical violation of a cease and desist order, it is noted that the defendant did, in fact, comply with the first order and thereafter had at least a colorable claim because of the training facility license which he was able to obtain in part through the mistake of the plaintiff in certifying compliance with zoning requirements. Under these circumstances the Court does not find the violation to be willful under Section 8-12 and declines to award civil penalties or costs provided for in said statute.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court