[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On December 15, 1994, the plaintiff, Toufic Chartouni, appearing pro se,[1] filed an amended complaint against Exxon Company U.S.A. ("Exxon") and the City of Danbury arising out of Exxon's 1992 purchase of a parcel of land adjacent to the plaintiff's residential property.
The complaint alleges that after purchasing the land in 1992, Exxon applied for and received a zoning variance and permit to install a multiservice convenience store and gas station. Thereafter, the plaintiff alleges that Exxon applied for and received a second permit enabling Exxon to construct a car wash facility on the same premises. The plaintiff continues and recites that Exxon failed to meet certain conservation requirements in applying for permits that may have an effect on wetlands. The plaintiff then alleges, inter alia, that the City of Danbury was in error with regard to their granting of the two permits. The allegations set forth by the plaintiff include the following:
 Upon information and belief at all times hereinafter mentioned, the City of Danbury is moving irresponsibly in not preserving this wetland area, and approving applications based on bias and hasty reports of self-proclaimed "Soil Scientists" that are hired by the applicants.
 The city officials must not look the other way and let EXXON get away with this alarming incident, especially when oil tanks containing thousands of gallons of contaminating material will be buried and submersed in ground water.
 That the City of Danbury recognizes that the above indicated land is a wetland as previously alluded. Consequently, the authority of said city, by permitting the construction of this facility, is working outside the scope of environmental Federal and State statutes and regulations.
 [T]he defendants . . . have not given advance notice to the plaintiff as a directly affected owner of the abutting property located only a few feet from the same location of the proposed layout of this large facility.
That the necessary operations of the proposed facility and the CT Page 2944 conditions created thereof, will also lessen the value of the plaintiff's property including in particular the rent value and will make it impossible to rent it. That this situation also deprives the plaintiff of his full enjoyment of his home and its premises, invades the `property rights' and constitutes a `private nuisance' as well as `public nuisance.'
(Amended Complaint dated November 30, 1994, pars. 7, 8, 11, 12, 16.)
In his prayer for relief, the plaintiff seeks:
 That the two permits related to the installation of EXXON Gas Station and its Car Wash Facility be immediately suppressed and annulled.
 That an injunction order be applied requiring EXXON to refrain from pursuing, developing and installing this facility because it infringes on plaintiff's personal interest, his health, safety and prevention of economic uses of his property in addition to extinguishing the regulations and laws.
 That the City of Danbury shall act immediately and use the power given by the State and the Federal Government and to order EXXON to restore the wetland soil to its original condition.
 In the alternative, plaintiff prays for damages in the amount of $200,000 against defendants severally and collectively for depriving him of enjoying the practical and welfare rights of his property. . . .
On November 23, 1994, Exxon filed a motion to dismiss the plaintiff's action on the grounds that (1) the plaintiff has failed to exhaust his administrative remedies in violation of General Statutes, Sec. 8-8(b); (2) the plaintiff has failed to include the current owner of the former Exxon property who is a necessary party to this action; and, (3) "[t]he plaintiff has failed to use a citation as required by law when initiating an administrative appeal."[2] Exxon has filed a memorandum of law and the affidavit of Don Kotas in support of its motion to dismiss. The plaintiff has filed memorandums of law in opposition to Exxon's motion.
"[A] challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v.Commission on Hospitals Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989). The grounds which may be asserted in this motion are: "(1) lack of jurisdiction over the subject matter; CT Page 2945 (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 686, 490 A.2d 509 (1985).
I. Timeliness
General Statutes, Sec. 8-8, which provides a right of appeal from decisions of municipal zoning board of appeals, states in subsection (b):
 [A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process . . . within fifteen days from the date that notice of decision was published as required by the general statutes.
"`Appeals to courts from administrative agencies exist only under statutory authority. [Citations omitted.] `A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.' [Citations omitted.] `Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal.'"Citizens Against Pollution N.W. v. Connecticut SitingCouncil, 217 Conn. 143, 152, 584 A.2d 1183 (1991). "`[W]hen a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test.'" Cummings v.Tripp, 204 Conn. 67, 78, 527 A.2d 230 (1987).
Exxon argues in its supporting memorandum that since the plaintiff failed to commence a timely appeal pursuant to section8-8(b), after a variety of decisions were published by the Danbury Planning Commission, the plaintiff has failed to exhaust his administrative remedies. Therefore, Exxon postulates that its motion to dismiss the plaintiff's action should be granted.
The plaintiff counters that he did not commence the present action "until he had exhausted all regulatory administrative remedies and requirements in conformance to State and Federal rules and statutes." The plaintiff claims that "[h]is appeals to the City of Danbury shaped his applications and letters, confirm the fact that he exhausted all his remedies before his judicial appeal to Court." The plaintiff has attached the documentation CT Page 2946 which he contends demonstrates that he exhausted all administrative remedies available to him.
In support of its motion to dismiss, Exxon has attached the affidavit of Don Kotas, President of Kato Services, Inc., who was retained by Exxon to assist in obtaining permits, licenses and approvals in connection with the construction of the convenience store and car wash. Kotas states, in part, that:
 Exxon's application for Erosion and Sedimentation Control permit was approved on May 15, 1992 and June 18, 1993.
 Exxon obtained site plan approval for the site from the Danbury Planning Commission on March 4, 1992 and its decision was published on March 10, 1992.
 Exxon's application for special exception was approved by the Danbury Planning Commission on March 4, 1992 and the certification was filed in the Danbury Land Records. The Commission's decision was published on March 10, 1992.[3]
(Affidavit dated November 22, 1994, pars. 4-6.)
First, based upon the allegations and the claims for relief as set forth in the complaint, the plaintiff's pleadings constitute an administrative appeal. Therefore, the plaintiff must comport with the time limit for filing an appeal as codified in section 8-8(b), supra.
Second, a review of the Sheriff's Returns in this action reveals that service was effectuated upon Exxon on September 30, 1994, and upon the City of Danbury on October 4, 1994. Therefore, the plaintiff commenced this action long after any of the dates of publication that Kotas averred to in his affidavit, and, as a result, has failed to comply with the fifteen (15) day prescription mandated by section 8-8(b), supra.
Third, the documentation which the plaintiff maintains will demonstrate that he exhausted all administrative remedies available to him before commencing the present action is unavailing upon a review of those exhibits. A perusal of those exhibits reveal a variety of letters authored by the plaintiff, with the earliest date of any one of them being July 20, 1994, also well past the fifteen (15) day prescription contained in section 8-8(b). CT Page 2947
Finally, where a party alleges elements associated with a common law nuisance action, but the thrust of the claims are focused upon the illegality of the actions of zoning officials, that party will be deemed to have brought an independent action to test the very issues which a zoning appeal is designed to test. See, e.g., Cretaro v. Equitec Real Estate InvestorsFund XII, 6 Conn. App. 317, 505 A.2d 22 (1986). (Plaintiffs' claims with regard to "the deterioration of their neighborhood and the decrease in the value of their homes are precisely what they would have had to allege in order for them to establish aggrievement in an appeal from the action of the ZBA" and therefore was an independent action testing issues which the zoning appeal was designed to test.)
Based on the foregoing, Exxon's motion to dismiss the plaintiff's action is granted and the court need not address the other grounds raised in Exxon's motion.
Stodolink, J.