[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO OPEN
On May 2, 1995, the plaintiff, Toufic Chartouni, pursuant to CT Page 11836 Practice Book § 326, filed a motion to open the March 28, 1995 judgment entered in favor of the defendants, Exxon Corporation (Exxon) and the City of Danbury. On March 28, 1995, this court granted the defendants' motion to dismiss Chartouni's amended complaint based on his failure to file a timely administrative appeal of the decision of the Danbury Zoning Board of Appeals to grant a zoning variance permitting Exxon to install a multiservice convenience store and gas station. On May 24, 1995, this court denied Chartouni's motion to reargue the court's decision on the motion to dismiss.
In its March 28, 1995 memorandum of decision, at page 5, the court found that "based upon the allegations and the claims for relief as set forth in the complaint, the plaintiff's pleadings constitute an administrative appeal." Chartouni now asserts that the court misapprehended the contents of his complaint and claims for relief, by arguing that the action sounds predominantly in nuisance rather than being a disguised administrative appeal. Chartouni, however, presented this same argument to the court in response to the defendants' motion to dismiss and the court disposed of the argument in its memorandum of decision, at pages 6-7, stating:
 [W]here a party alleges elements associated with a common law nuisance action, but the thrust of the claims are focused upon the illegality of the actions of zoning officials, that party will be deemed to have brought an independent action to test the very issues which a zoning appeal is designed to test. See, e.g., Cretaro v. Equitec Real Estate Investors Fund XII, 6 Conn. App. 317, 505 A.2d 22 (1986) (Plaintiffs' claims with regard to `the deterioration of their neighborhood and the decrease in the value of their homes are precisely what they would have had to allege in order for them to establish aggrievement in an appeal from the action of the ZBA' and therefore was an independent action testing issues which the zoning appeal was designed to test.)
A motion to open "`should not be granted merely to allow the court to reconsider its decisions on the facts and its exercise of discretion. The motion should indicate that the moving party is prepared to introduce some new matter not before the court at the time of its original decision.'" Breen v. Breen, 18 Conn. App. 166,172, 557 A.2d 140, cert. denied, 212 Conn. 801, CT Page 11837560 A.2d 984 (1989), quoting 2 E. Stephenson, Connecticut Civil Procedure § 207, p. 863 (2d Ed. 1971). Chartouni has failed to meet this threshold requirement.
Since Chartouni is rearguing matters that have already been decided on the motion to dismiss and the motion to reargue, and the court has explicitly addressed his claims, the motion to open is denied.
Stodolink, J.