[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by an application for a temporary injunction, dated March 20, 1996, by the plaintiffs, William V. Raymond, Angela D. Raymond, Rose Klubko, Anne Grossenbacher, Louise Henion, Fred Krancher, Johanna Krancher and Lloyd Willcox, against the defendants, Rock Acquisition Limited Partnership, Fairfield Resources Management, Inc., and Dyno New England, Inc. (Dyno). The complaint sounds in only one count, nuisance, and seeks the equitable relief of a temporary and permanent injunction, as well as money damages, attorney's fees and costs.
The complaint alleges that Fairfield Resources operates a sand and gravel mine at 98 Laurel Hill Road in Brookfield, Connecticut, which land is owned by Rock Acquisition. It further alleges that although Rock Acquisition and Fairfield Resources were granted a permit to operate the quarry on the premises, "such permit was issued illegally," and the validity of the permit is being challenged in an unrelated proceeding in this court. Dyno has been named because it allegedly provides Rock Acquisition and Fairfield Resources with explosives for use at CT Page 5981 the site. The complaint states where the various plaintiffs reside, but there is no allegation as to the proximity of the plaintiffs' residences to the mining operations.
The complaint alleges that the activities of the defendants constitute a "private," per se" nuisance, and seek equitable relief in the form of a temporary and permanent injunction, as well as the other relief described above. The damages alleged to have been suffered by the plaintiffs are, inter alia,
excessive noise, air pollution, structural damage, devaluation of the plaintiffs' homes, and physical and emotional distress.
Defendants, Rock Acquisition and Fairfield Resources, have filed a joint motion to dismiss for lack of subject matter jurisdiction on the ground that: (1) the plaintiffs "have failed to exhaust their administrative remedies"; and (2) the plaintiffs' application for a temporary injunction "violates the prior pending action doctrine."
In their brief in support of the motion, the defendants argue that the Appellate Court's decision in Cretaro v. Equitec RealEstate Investors Fund XII, 6 Conn. App. 317, 505 A.2d 22 (1986), constitutes legal precedent for the dismissal of this action. The plaintiffs, on the other hand, claim that Cretaro has been overruled by the Supreme Court's decision in Cummings v. Tripp,204 Conn. 67, 527 A.2d 230 (1987).
"[A] motion to dismiss is the proper vehicle to attack the jurisdiction of the court. A motion to dismiss essentially asserts that, as a matter of law and fact, the plaintiff cannot state a cause of action that is properly before the court." ThirdTaxing District v. Lyons, 35 Conn. App. 795, 803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994). "A party may not institute an action in the Superior Court without first exhausting available administrative remedies. If the applicable administrative remedies are not exhausted, the trial court does not have subject matter jurisdiction over the matter. The doctrine of exhaustion discourages piecemeal appeals from the decisions of administrative agencies, thus fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. (Citations omitted; internal quotation marks omitted.) Gemmell v. New Haven, 32 Conn. App. 280, 283,628 A.2d 1331 (1993). CT Page 5982
The defendants claim that Cretaro controls this case, while the plaintiffs rely on Cummings v. Tripp. The court has examined both cases and believes they can be read together so as not to be in conflict with each other.
In Cretaro, as in this case, a separate administrative appeal proceeding had been brought to challenge the issuance of a permit to the defendant. In addition to the administrative appeal of the permit issuance, the plaintiffs in Cretaro, as here, brought an action seeking to enjoin the defendant's activities on the grounds that the permitted usage constituted a nuisance. The Appellate Court held that Superior Court review of the issuance of a permit to the defendant was an adequate legal remedy, and that the plaintiffs could not bring another action "to test the very issue which the appeal was designed to test." Cretaro v.Equitec Real Estate Investors Fund XII, supra, 6 Conn. App. 319. Accordingly, the court upheld the trial court's dismissal of the nuisance action.
In Cummings v. Tripp, supra, 204 Conn. 67, however, the Supreme Court reached an apparently contrary result, holding that the plaintiffs did not have to first exhaust their administrative remedies at the trial court level before bringing an action seeking injunctive relief against the defendants' activities. InCummings, the plaintiffs had complained to the local zoning authority about the defendants' renting of residential cottages during the summer months, but the building inspector determined that the defendants were not in violation of any zoning ordinances. Id., 71-72. Sometime later, the plaintiffs' filed suit seeking to enjoin the defendants from renting out the cottages on the theory that the rentals constituted a nuisance. The Supreme Court upheld the conclusion of the trial referee who determined that the plaintiffs were not required to exhaust their administrative remedies before bringing the nuisance suit. Id., 74.
Although, at first blush, Cretaro and Cummings appear to be contradictory; the crucial factual distinction between the two cases is the issuance of a permit by a proper authority as inCretaro, or lack thereof, as in Cummings. While in Cretaro, the plaintiffs were able to challenge the issuance of a permit to the defendants and, in fact, did so in a separate action; in Cummings
there was no action by the zoning authority which the plaintiffs could challenge. Thus, the Appellate Court held that where there was an adequate legal remedy set up by which the plaintiffs could CT Page 5983 obtain relief — i.e., the administrative appeal process — that procedure was required to be followed by the plaintiffs. In Cummings, however, although the plaintiffs had filed complaints with the local zoning officials, there was no action taken by the officials that could be challenged by the plaintiffs.
In addition, the plaintiffs in Cummings had also alleged that the defendants' renting of the cottages constituted an improper extension of the scope of any prior nonconforming use which might apply to their property. In Cretaro, the plaintiffs' allegations in the nuisance action revolved solely around their contention that the issuance of the permit by the zoning authority was improper. The court concluded: "Thus, it is clear that, even as to those counts of the complaint which they claim to support taxpayers' claims and actions for nuisance, the common gist of their claims is premised on the illegality of the action of the ZBA. We conclude, therefore, that the plaintiffs' taxpayers' action and nuisance counts come within the established rule that a party may not bring an independent action to test the very issues which the zoning appeal was designed to test." Cretaro v.Equitec Real Estate Investors Fund XII, supra, 6 Conn. App. 321.
Similarly, in this case, the plaintiffs' entire complaint is premised upon their allegation that the blasting permit issued to Fairfield Resources and Rock Acquisition was issued illegally. This court concludes that the plaintiffs' remedy in this case is to pursue the administrative appeal challenging the issuance of the permit. Otherwise, this entire nuisance action would consist of litigating whether the permit was validly issued, which would "test the very issues which the zoning appeal was designed to test." Cretaro v. Equitec Real Estate Investors Fund XII, supra,6 Conn. App. 321.
Accordingly, the defendants' motion to dismiss is granted, and the plaintiffs' complaint is dismissed for failure to exhaust applicable administrative remedies.
Stodolink, J.