[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR REARGUMENT ANDDEFENDANTS' OBJECTIONS TO MOTION FOR REARGUMENT
This court granted defendants' motion to dismiss in accordance with a memorandum of decision dated and filed August 27, 1996.
On September 7, 1996, the plaintiffs filed a motion for reargument and the defendants filed their objections thereto on September 16 and 19, 1996. These matters were heard by this court on February 10, 1997.
It is conceded that by inadvertence the court addressed the original complaint and not the plaintiffs' revised complaint dated June 14, 1996. The only significant difference between the two complaints is the directing of the allegations against each named defendant, individually and in counts of private nuisance and nuisance per se as to each defendant with an additional third count alleging reckless endangerment against Dyno New England. The amended complaint does not call for a different analysis of the issues before the court.
The next issue raised is to the statement in the memorandum dated August 27, 1996, indicating "[t]he complaint states where the various plaintiffs reside, but there is no allegation as to the proximity of the plaintiffs' residence to the miningoperations." (Emphasis added.) The complaint only alleges "[t]he Plaintiffs' properties adjoin and/or are located within close proximity of the said Rock property." The two statements are not synonymous. Depending on the size of the Rock property, the mining operations could be at such a distance as to have little or no affect on abutting owners. CT Page 6524
The reference in the memorandum of the natural resources removal permit by the shorthanded label of "blasting permit" is not pertinent to the resolution of the issues in this case.
As pointed out in plaintiffs' motion for reargument, to prove a nuisance it is necessary to demonstrate that the defendants' use of the Rock property was unreasonable or unlawful. The plaintiffs' complaint alleges in various counts that the defendants' acts are illegal. The plaintiffs do not allege any of these acts to be unreasonable. There are conclusory allegations of reckless conduct by all the defendants but without a factual basis to define how the alleged illegal actions of the defendants rise to acts of recklessness. The plaintiffs' complaint is premised upon their allegations that the defendants are conducting their mining operation based on an illegally issued natural resources removal permit.
The issue in this case is the same issue now pending in the administrative appeal matter of Raymond Et Al. v. BrookfieldZoning Commission Et Al., Docket No. CV96 0323663, brought by the same plaintiffs. An examination of the alleged damages to the plaintiffs in the present case are all the result of the normal consequences of the operations permitted under a natural resources removal permit. In fact, the plaintiffs allege in their administrative appeal that the defendants' natural resources removal permit is "to blast, crush, process and excavate rock and remove it." There are no allegations as an example of operation during prohibited hours or a claim of actual encroachment upon plaintiffs' land either by excavation or by the landing of blasting debris thereon. Section 242-302C of the zoning regulations sets out the conditions of approval and/or renewal of a natural resources removal permit. It requires the commission to consider "the public health, safety and general welfare, the comprehensive plan of development, soil erosion, drainage, impact upon the water table, lateral support slopes and grading of abutting streets and land, effect on land values and uses in the area, damage to existing landscape and traffic access and safety . . ." the same subjects that are alleged basically in the plaintiffs' revised complaint.
In addition, in the administrative appeal cited above, the same plaintiffs allege that the commission's decision was the result of it acting arbitrarily, illegally, capriciously and in abuse of its discretion and "[a]s a direct result of the Commission's decision, the Plaintiffs have suffered diminution in CT Page 6525 value of their property; loss of peaceful use and enjoyment of their property and have otherwise suffered and continue to suffer direct injury."
I quote the next to last paragraph in the memorandum of decision dated August 27, 1996, which states as follows:
 Similarly, in this case, the plaintiffs' entire complaint is premised upon their allegation that the blasting permit issued to Fairfield Resources and Rock Acquisition was issued illegally. This court concludes that the plaintiffs' remedy in this case is to pursue the administrative appeal challenging the issuance of the permit. Otherwise, this entire nuisance action would consist of litigating whether the permit was validly issued, which would "test the very issues which the zoning appeal was designed to test." Cretaro v. Equitec Real Estate Investors Fund XII, supra, 6 Conn. App. 321.
Accordingly, the plaintiffs' motion for reargument dated September 7, 1996, is denied and defendants' objections to plaintiffs' motion for reargument filed September 16 and 19, 1996, are sustained.
Stodolink, J.