DONNA YOUNG ET AL. *v.* DAVID T. CHASE ET AL.
(6253)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued October 5, 1988—decision released April 4, 1989

*Paul W. Orth,* for the appellants (plaintiffs).

*Stuart Bear,* with whom, on the brief, were *Jacob D. Zeldes* and *Paul F. Thomas,* for the appellees (named defendant et al.).

*James J. Tancredi,* with whom, on the brief, were *Robert E. Pace* and *Deborah J. Blood,* for the appellees (defendant plan and zoning commission of the town of Farmington et al.).

DUPONT, C. J. The plaintiffs brought this action seeking a declaratory judgment and injunctive relief. The declaratory judgment relief is premised on their claims that two special exceptions granted by the defendant plan and zoning commission of the town of Farmington (commission) to construct a television broadcast tower and related transmitter building on two parcels of land are void and illegal, and that the special exceptions do not apply to one of the parcels of land. The injunctive relief sought was to compel the named

defendant, David Chase,[1] to remove all or a portion of the television transmission tower, property and equipment for which the special exceptions were granted.

Both Chase and the commission moved for dismissal. The claim of the commission was that the court lacked subject matter jurisdiction because a validating act, Spec. Acts 1985, No. 85-47, cured the defects in notice alleged in the plaintiffs' complaint, thereby leaving no actual question in dispute. Chase made the same claim and also argued that all persons having an interest in the subject matter of the plaintiffs' complaint had not been given reasonable notice as required by Practice Book § 390 (d). The trial court granted the defendants' motions to dismiss on grounds other than those advanced by the defendants, finding that the appropriate procedure for challenging the special exceptions was by an administrative appeal and that, accordingly, the court lacked subject matter jurisdiction over the plaintiffs' declaratory judgment action. The court, therefore, did not decide whether there was an actual question in dispute, nor did it reach the second basis for dismissal presented in Chase's motion to dismiss. The plaintiffs have appealed from the trial court's judgment of dismissal. We find error.

The first issue to be resolved is whether the plaintiffs have alleged facts sufficient to support the bringing of an action for a declaratory judgment, and, if so, whether they have afforded all persons having an interest in the subject matter of their action reasonable notice in accordance with Practice Book § 390 (d). The second issue, if the allegations support a declaratory

---

[1] The plaintiffs also include as defendants in their complaint numerous limited partnerships and corporations of which David Chase is alleged to be a general partner or to own, control or influence. These partnerships and corporations are alleged to have some interest in the real estate and equipment at issue. As used in this opinion, "Chase" encompasses all of the Chase business entities and David Chase.

judgment action, is whether the alleged defects in the notice required by General Statutes § 8-3 and the Farmington zoning regulations were cured by a validating act, Spec. Acts 1985, No. 85-47.

I

The plaintiffs' amended complaint states that they are owners of real estate adjoining a parcel of land referred to as the orchard, situated on Rattlesnake Mountain in the town of Farmington, and that Chase is the present owner of the orchard and of a parcel of land referred to as the tower parcel which abuts the orchard parcel.

The plaintiffs allege that, in June, 1979, the commission granted a special exception to Enzo DeDominicus and Nicholas Robinson to build a radio transmission tower on Rattlesnake Mountain. The radio transmission tower was not built by the original applicants for the special exception and the special exception was not recorded in the office of the town clerk for Farmington as is required by General Statutes §§ 8-3c and 8-3d.

The plaintiffs further allege that in December, 1983, Chase filed an application for a special exception as to the tower parcel in order to modify the location and height of the transmission tower previously approved and to construct an associated transmitter building. In January, 1984, Chase provided the Farmington town planner a site plan and map that showed "land to be conveyed to David Chase." The map showed the proposed tower as located on the tower parcel and had lines representing banks of guy wires, one of which ran from the tower parcel eight hundred feet onto the orchard parcel. There was no application filed for a special exception for the orchard parcel on which the construction and use of an anchor area and guy wires were to be located.

In March, 1984, after public hearings, the commission voted to grant a special exception for the construction of a transmitter building on the tower parcel and a modification as to the tower parcel for the location and height of the transmission tower previously approved in 1979. In May, 1984, after the commission had granted Chase's application, he purchased both the tower and the orchard parcels. The special exceptions were never filed or recorded. The plaintiffs allege that they first received notice of the special exceptions when construction of the steel tower began sometime during the summer of 1984.

The plaintiffs' amended complaint further alleges that the commission's granting of the special exceptions to Chase, and the resulting use of the tower and orchard parcel are void and illegal. Specifically, the plaintiffs allege that the commission was without power to utilize and modify the special exception granted in 1979, that Chase's application did not give fair notice of the nature and extent of the special use sought, that the application did not give fair notice that the orchard parcel was substantially affected by the proposed use, and that Chase failed to give the plaintiffs personal notice as required by the zoning regulations of Farmington, article II, section 1.[2] The plaintiffs further allege that Chase did not file a separate application for a special exception for the orchard parcel, thereby resulting in a failure of the notice required by General

---

[2] Article II, section 1, of the Farmington zoning regulations pertaining to subdivision provides in pertinent part: "Permitted Uses . . . . The following uses when permitted by the Town Plan and Zoning Commission after a public hearing, notice of which shall be provided as described in Section 8-3 of the Connecticut General Statutes. Notice by certified mail shall be given by the applicant to all owners of property located within 200 feet of any boundary of the property which is the subject of the application. Such notice shall be mailed no later than seven days prior to the date of the hearing: . . . 2. Radio and television broadcasting towers. . . ."

Statutes § 8-3.[3] In addition, the plaintiffs alleged that the town zoning regulations governing special exceptions lacked adequate standards for denying or granting such exceptions,[4] and that the special exceptions were ineffective because Chase failed to record them within a reasonable time.

The plaintiffs claim that their complaint presents issues appropriate for resolution by declaratory judgment. The plaintiffs contend, despite the trial court's characterization of their claims as relating to the merits of the commission's action, that those claims present genuine questions as to the jurisdiction of the commission and the validity of the zoning regulation at issue.

"The motion to dismiss like a 'motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.' *Perrys Inc.* v. *Waterbury Redevelopment Agency*, 157 Conn. 122, 124, 249 A.2d 256 (1968)." *Barde* v. *Board of Trustees*, 207 Conn. 59, 62, 539 A.2d 1000 (1988). The complaint is to be construed most favorably to the plaintiffs. *Duguay* v. *Hopkins*, 191 Conn. 222, 227, 464 A.2d 45 (1983). In evaluating the sufficiency of the plaintiffs' complaint, we presume the validity of its allegations.

General Statutes § 8-9 provides: "Appeals from zoning commissions and planning and zoning commissions

---

[3] General Statutes § 8-3 provides in pertinent part: "Notice of the time and place of such hearings shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing . . . ."

[4] Article II, section I, of the Farmington zoning regulations provides in pertinent part: "Permits in these cases shall not be issued unless the commission finds that the proposed building, structure or use will not increase the fire hazard, traffic hazard or panic hazard, and that they will not tend to depreciate the value of property in the neighborhood or be otherwise detrimental to the neighborhood or its residents or alter the neighborhood's essential characteristics. . . ."

may be taken to the superior court and, upon certification for review, to the appellate court in the manner provided in section 8-8." "[W]here a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action 'to test the very issue which the appeal was designed to test.' *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979)." *LaCroix* v. *Board of Education,* 199 Conn. 70, 78, 505 A.2d 1233 (1986); *Cretaro* v. *Equitec Real Estate Investors Fund XII,* 6 Conn. App. 317, 319, 505 A.2d 22 (1986). There are several exceptions to this rule.

Declaratory judgment proceedings are appropriate for determining the validity of the regulations of an administrative agency. *Aaron* v. *Conservation Commission,* 178 Conn. 173, 177, 422 A.2d 290 (1979). "[D]eclaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case or of the sufficiency of the evidence can properly be resolved only by appeal." Id., 178. Cases in which an action for declaratory or injunctive relief can be maintained include those where an agency lacks jurisdiction due to defective notice, where statutory authority has been exceeded, or where the validity of a statute or ordinance is attacked. *Cretaro* v. *Equitec Real Estate Investors Fund XII,* supra; see also *Bottone* v. *Westport,* 209 Conn. 652, 553 A.2d 576 (1989).

The plaintiffs' allegations regarding the validity of the defendant commission's action consist essentially of three claims. The plaintiffs claim that the granting of the special exceptions was void because notice to the plaintiffs was defective, the zoning regulations governing the granting or denying of special exceptions appli-

cations lacked adequate standards, and the commission lacked the power to modify the special exception granted in 1979.

The plaintiffs' claims regarding notice are that the defendants failed to give personal notice to abutting landowners of the orchard parcel, as required by Farmington zoning regulations, and that Chase's application failed to indicate that the orchard parcel, in addition to the tower parcel, was a subject of the special exception applications, thus resulting in a failure of the notice required by General Statutes § 8-3. "Failure to give proper notice constitutes a jurisdictional defect." *Aurora* v. *Zoning Board of Appeals,* 153 Conn. 623, 625, 220 A.2d 277 (1966); *Cretaro* v. *Equitec Real Estate Investors Fund XII,* supra. As jurisdictional issues are among those for which an action for declaratory judgment may lie, the plaintiffs' claims regarding defective notice are appropriate for resolution by declaratory judgment.

In addition to claims of defective notice, the plaintiffs' complaint alleges that the zoning regulation under which the special exceptions were granted is invalid for lack of adequate standards. "Exhaustion of administrative remedies is generally not required when the challenge is to the constitutionality of the statute or regulation under which the board or agency operates . . . ." *LaCroix* v. *Board of Education,* supra, 79 n.7. "[D]eclaratory judgment proceedings are appropriate for determining . . . questions concerning the validity of the regulations of an administrative agency . . . ." *Aaron* v. *Conservation Commission,* supra. Declaratory judgment actions are the proper procedure for challenging the constitutionality of zoning regulations. *Davis* v. *Yudkin,* 3 Conn. App. 576, 578, 495 A.2d 714, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985). Thus, the plaintiffs' claims as to

the validity of the zoning regulations are appropriate for inclusion in their action for declaratory judgment.

Finally, the plaintiffs claim that the commission lacked the power to modify the prior special exception granted in 1979. A claim that limited statutory authority has been exceeded is jurisdictional in nature. *Cretaro* v. *Equitec Real Estate Investors Fund XII*, supra. Action taken by an administrative agency in excess of its statutory authority is void and without legal effect. See *Arterburn Convalescent Home, Inc.* v. *Committee on State Payments to Hospitals*, 176 Conn. 82, 88, 405 A.2d 48 (1978) (*Loiselle, J.*, concurring).

The plaintiffs' allegations regarding the commission's lack of power to modify prior special exceptions are combined with allegations that relate to the correctness of the commission's decision to grant the modification in this particular case. The latter allegations can properly be resolved only by appeal. See *Aaron* v. *Conservation Commission,* supra. Insofar as the plaintiffs' claims, however, allege that the commission exceeded its statutory authority in granting the modification and thus that its action is void, they suffice to state a claim appropriate for resolution by declaratory judgment. We conclude that the plaintiffs have alleged facts sufficient to support a cause of action for a declaratory judgment.

The defendants contend that even if some of the plaintiffs' claims are appropriate for resolution by declaratory judgment, the trial court did not err in dismissing the plaintiffs' complaint because the plaintiffs failed to comply with the notice requirements of Practice Book § 390 (d).[5]

---

[5] Practice Book § 390 provides in pertinent part: "The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

Subsequent to commencement of their declaratory judgment action, the plaintiffs moved for an order of notice requesting that notice of the action be given by mail to owners of real estate adjoining the orchard parcel and to lessees, sublessees, licensees and mortgagees of the orchard and tower parcels and the equipment located thereon, and that notice be published once in the Farmington Valley Herald and the Hartford Courant. The motion was granted and the notice pursuant to the order was given.

Chase claims that viewers of channel 61, for which the transmission tower broadcasts, and the subscribers of a community antenna television company that leases space on the transmission tower, are interested persons entitled to notice and that the notice given did not constitute reasonable notice to those persons.[6] Because the trial court decided the defendants' motions to dismiss on grounds other than a lack of notice which the defendants claim is required by Practice Book § 390 (d), it did not reach the issue of whether the notice given in this case satisfied § 390 (d). Although the trial court did not decide whether notice was adequate, which ordinarily would be a question to be resolved by it, we will in this instance, as an appellate court, resolve this issue. Even where the question of notice has not been reached by a trial court, reviewing courts have decided whether plaintiffs have complied with the notice requirements of Practice Book § 390 (d). See, e.g., *Tucker* v. *Maher*, 192 Conn. 460, 472 A.2d 1261 (1984); *Clough* v. *Wilson*, 170 Conn. 548, 368 A.2d 231 (1976); *Copp* v. *Barnum*, 160 Conn. 557, 276 A.2d 893 (1970). Although in some instances, in order to determine a motion to dismiss, an evidentiary hearing must be held

---

[6] The plaintiffs filed a motion for further order of notice in which it stated the view of Chase as to notice, and sought whatever notice the court deemed appropriate, to be given at Chase's expense. This motion was not acted upon by the court.

in the trial court to determine facts relating to jurisdiction; 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1982 Supp.) § 103; it is not necessary in this case to remand for this purpose because the record before us is sufficient to determine that the notice given complied with Practice Book § 390 (d).

" 'Practice Book, 1978, § 390 (d) governing actions for declaratory judgment requires all persons having an interest in the subject matter of the complaint to be parties to the action or have reasonable notice thereof. Failure to observe this requirement deprives the court of jurisdiction over the case. *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 526–27, 290 A.2d 327 (1971).' *Pinnix* v. *LaMorte,* 182 Conn. 342, 343, 438 A.2d 102 (1980)." *Pierce* v. *Zoning Board of Appeals,* 7 Conn. App. 632, 634–35, 509 A.2d 1085 (1986). If interested persons are within the reach of process and are not so numerous that it would impose an unreasonable burden upon the plaintiff, they should be made parties; but if including them as parties in the action would impose an unreasonable burden on the plaintiff, the provision for reasonable notice applies. *Benz* v. *Walker,* 154 Conn. 74, 78, 221 A.2d 841 (1966).

The defendants claim that viewers of channel 61 and subscribers of the community television company are interested persons entitled to reasonable notice. This group is not only numerous, but is a shifting population whose identity may change from day to day. In *Pierce* v. *Zoning Board of Appeals,* supra, 637–38, we noted that practical considerations may dictate the form in which notice pursuant to Practice Book § 390 (d) is given. In the present case, the plaintiffs gave notice of the declaratory judgment action by publication in two newspapers. We conclude that, even if the viewers and subscribers arguably had an interest in the plaintiffs' action and were entitled to reasonable notice, notice by newspaper publication was the only

practical means by which to provide notice to this group. The plaintiffs' complaint was not, therefore, subject to dismissal because of a failure to comply with Practice Book § 390 (d).

## II

The defendants contend that even if the allegations of the plaintiffs' complaint relating to defective notice are jurisdictional in nature, and appropriate for resolution by declaratory judgment, the claims do not present an actual question in dispute because Spec. Acts 1985, No. 85-47, § 6 (c), cured any defects in the notice that should have been given to the plaintiffs.

That act validates certain actions in the areas of assessment and taxation, condominiums, conveyancing, fiduciary relationships, planning and zoning, and probate, where such action would otherwise be valid except for certain technical omissions and irregularities. Section 6 (c) of the 1985 Special Acts, No. 85-47, which deals specifically with notice defects in planning and zoning actions, provides in pertinent part: "Any and all actions taken by any planning commission, zoning commission, planning and zoning commission, zoning board of appeals . . . otherwise valid except that said planning commission, zoning commission, planning and zoning commission, zoning board of appeals . . . failed to comply with the requirement or requirements of any general or special law, ordinance or regulation governing the contents, giving, mailing, publishing, filing or recording of any notice, either of the hearing or of the action taken, is validated, provided no such action shall be validated if an appeal from such action is pending in any court or the time for taking such appeal has not expired as of the effective date of this act."

The defendants contend that any failure on the part of the defendants to comply with notice requirements

was validated by the special act. The plaintiffs argue that Spec. Acts 1985, No. 85-47, is not applicable because the plaintiffs' declaratory judgment action was pending before the effective date of the act[7] and because the act validates only defects in notice required to be given by a commission and not by an applicant such as the defendant Chase.

Section 6 (c) relates to defects in notice such as those alleged here, and provides that "no such action shall be validated if an appeal from such action is pending in any court or the time for taking such appeal has not expired as of the effective date of this act." Section 8 of the act provides: "APPLICABILITY. No defects, omissions or irregularities enumerated in this act shall be validated if any action, suit or proceeding has been commenced, or notice of pendency thereof has been duly recorded on or before the effective date of this act."

The defendants argue that the applicability provisions are conflicting, but that the provisions of § 6 (c) that relate to notice defects should control. They further argue that only an appeal pending before the effective date of the act renders the act inapplicable to cure defects in notice. The defendants contend that because the plaintiffs' declaratory judgment action is not an "appeal," the filing of such an action before the effective date of the act does not render the act inapplicable.

The plaintiffs argue, relying on § 8 of the act, that *any* proceeding challenging defects in notice, including a declaratory judgment action, filed before the effective date of the act, renders the act inapplicable to cure those defects.

In interpreting the act and its applicability provisions, we adopt a functional approach. The function of the

---

[7] The plaintiffs' declaratory judgment action was filed on May 16, 1985. Spec. Acts 1985, No. 85-47, was approved on June 16, 1985.

statute is to cure defects in notice not attacked by timely court proceedings, and to allow parties challenging such defects by timely court action to continue the judicial process. An appeal and a declaratory judgment are functionally the same in the context of this particular statute. Both are methods by which a plaintiff can challenge defects in notice. The purpose of the statute would not be served if the statute were interpreted to prevent the plaintiffs, having filed a declaratory judgment action before the effective date of the act, from continuing the process. Moreover, the fact that notice defects are jurisdictional in nature and appropriate for challenge by declaratory judgment actions makes it unlikely that the legislature intended that only timely appeals and not timely declaratory judgment actions would render inapplicable the validating act.

We find, therefore, that because the plaintiffs' declaratory judgment action was filed before the effective date of Spec. Acts 1985, No. 85-47, the alleged notice defects are not cured by the act.

Because of on our conclusion that Spec. Acts 1985, No. 85-47, is inapplicable to validate the notice defects at issue, it is unnecessary to determine whether the act was intended to cure only notice required to be given by a zoning commission and not notice required to be given by applicants.

There is error, the judgment of dismissal is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.