[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant's motion to dismiss was originally referred to Hon. James D. O'Connor, who had the motion under consideration, without oral argument, pursuant to Practice Book 211. Upon Judge O'Connor's death, the motion was referred to the undersigned for decision.
The plaintiffs bring this action for a declaratory judgment CT Page 10472 in four counts. The first three counts relate to a change in zone by the defendant Council, which the plaintiffs allege affected their properties at 764-766 Broad Street, 760 Broad Street, 750 Broad Street, 778 Broad Street, a parcel "near Broad Street," and 159 Hungerford Street, all in the city of Hartford. the fourth count pertains to an "anti-blight" ordinance which the city is attempting to enforce against the plaintiffs with respect to their properties at 35 Grand Street and 159 Hungerford Street. The defendant's motion pertains only to the first three counts.
On June 2 1990, the Council, acting as the zoning commission for the city of Hartford, published notices of a change in zone classification from B-3 to R-3 for certain areas of Broad Street, including the plaintiffs' properties. The plaintiffs did not appeal the Council's decision pursuant to General Statutes 8-8. Instead, the plaintiffs brought this action by service on the town clerk of Hartford on October 31 1990, and filing in the court on November 8, 1990. The return date is November 27, 1990
In their First Count, the plaintiffs claim the change in zone is "Piecemeal Zoning" and, as applied to their property, unconstitutionally deprives them of their property rights. In their Second Count, the plaintiffs claim that the Council did not validly enact the zoning change because it had not compiled a list of non-conforming uses in the city, as required by ordinance, which would have been a "necessary tool to rationally and fairly. . . change the zoning ordinances." The plaintiffs claim that their use of their property is a non-conforming use and that the Council did not adequately consider that act when it enacted the zone change. In their Third Count, entitled "Ultra Vires," the plaintiffs claim that the Council exceeded its authority in that:
 "A) The zone change did not preserve the plaintiffs' building values, it caused them to decline. B) The `Comprehensive Plan' required to be relied upon was a sham and not a bona fide plan. C) There was no reasonable consideration given to the character of the zone and the area surrounding the plaintiffs' property is not residential. D) The reasons given for the zone change indicate that Section 6, Chapter XIX of the Charter was not applied, and in fact, was ignored"
The defendant Council moves to dismiss on the basis that the plaintiffs failed to exhaust their administrative remedies specifically the appeal procedure afforded by General Statutes8-8. In the alternative, the Council argues that if this CT Page 10473 action is construed to be an appeal, it is jurisdictionally defective because it was not brought within the time limitations of subsection (b) of section 8-8. The court agrees
In Young v. Chase 18 Conn. App. 85, 91 (1989) the court held
 [W]here a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action "to test the very issue which the appeal was designed to test' . . . Declaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case or of the sufficiency of the evidence can properly be resolved only by appeal . . . Cases in which an action for declaratory or injunctive relief can be maintained include those where an agency leaks jurisdiction due to defective notice, where statutory authority has been exceeded, or where the validity of a statute or ordinance is attacked." (Citations omitted).
In this case, although the plaintiffs have cloaked their complaint-in general allegations of ordinance invalidity and actions in excess of authority, the substance of their claims is that the Council acted incorrectly in changing the zone classification of their properties. Section 6 of Chapter XIX of the Hartford Municipal Code, which the plaintiffs claim the Council ignored, states the general criteria for the Council to follow in enacting zoning ordinances, including changes such as those in question here. It specifically grants the Council the authority to make such changes, and the Council clearly did not exceed its authority in doing so. Therefore, although the plaintiffs may have had grounds for appealing the Council's decision in changing the zones, they do not have grounds for bringing an independent action for a declaratory judgment. Since this action was brought long after the appeal period set by section 8-8 had expired, it cannot be maintained even if it were to be construed as an appeal. Carpenter v. Planning Zoning Commission, 176 Conn. 581, 593 (1979).
For all of the reasons set forth above, the defendant's motion to dismiss the first three counts of the complaint is granted.
MALONEY, J. CT Page 10474