[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William Green, is the owner of 38 Canal Road in Westport, Connecticut. On February 4, 1987, the defendants, Town of Westport, Westport/Weston Health District, Westport Public Works Department, Alan Smith, Judith Nelson and Gerald Smith, caused a letter to be recorded in the Westport Land Records. The letter restricts the full-time occupancy of the CT Page 11044 plaintiff's premises from Labor Day to Memorial Day.[1] The plaintiff had agreed to abide by the use restriction on October 14, 1986. (Defendants', Westport/Weston Health District, Judith Nelson and Alan Smith, Memorandum in Support of Motion to Dismiss, Exhibit C) [hereinafter "Motion to Dismiss 2"].
On April 16, 1992, the plaintiff's father, Edwin R. Green, contacted Alan Smith and requested that the letter be removed from the Land Records. (Plaintiff's Memorandum in Opposition, Affidavit of Edwin Green). In response, Mr. Smith sent a letter to the plaintiff informing him that his request to alter or remove the letter had been denied and that the decision may be appealed administratively. (Motion to Dismiss 2, Exhibit B).
On July 14, 1992, the plaintiff filed a four count complaint against the defendants. The first count seeks a declaratory judgment voiding the restrictive use. The second count seeks to quiet title to the land by ordering removal of the restrictive notice. The third count is a claim for slander of title and the fourth count is a CUTPA claim.
On August 6, 1992, the defendants, Gerald Smith and the Town of Westport, filed a motion to dismiss on the ground that the plaintiff has failed to exhaust his administrative remedies, and therefore, the court lacks subject matter jurisdiction. On August 14, 1992, the plaintiff filed a memorandum in opposition to the defendants' motion to dismiss.
On October 23, 1992, the defendants, Westport/Weston Health District, Alan Smith and Judith Nelson, filed a motion to dismiss on the same ground as other defendants. On October 26, 1992, the plaintiff filed a memorandum in opposition to the defendants' motion to dismiss.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction" Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss is proper where there is lack of jurisdiction over the subject matter. Practice Book 143 (1).
Subject matter jurisdiction is the power of the court "`to hear and determine cases of the general class to which the proceedings in question belong'" (Citations omitted.) Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). "`[T]he CT Page 11045 exhaustion doctrine implicates subject matter jurisdiction.'" Housing Authority v. Papandrea, 222 Conn. 414,420, ___ A.2d ___ (1992), quoting Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987). "If the trial court ha[s] no jurisdiction because the plaintiff ha[s] failed to exhaust [his] administrative remedies, the action must be dismissed." Concerned Citizens of Sterling v. Sterling, supra 557.
The defendants argue that the plaintiff could have filed an administrative appeal of the May 14, 1992 decision pursuant to General Statutes 19a-229 and 19-2a-34 (f) of the Planning Health Code of the Town of Westport. The defendants assert that the plaintiff's failure to file an administrative appeal deprives the court of subject matter jurisdiction.
The defendants' arguments are misplaced in that they fail to address the allegations of the plaintiff's complaint. The plaintiff is not attempting to appeal the defendants' decision of May 14, 1992. Rather, the plaintiff is seeking a judicial determination of his rights. He is seeking a declaratory judgment that the defendants had no authority for their actions and damages for the harm caused by their allegedly illegal acts. The plaintiff is not attempting to appeal the defendants' decision of May 14, 1992, and the exhaustion doctrine is inapplicable.
Furthermore, although it is true that "where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action `to test the very issue which the appeal was designed to test;'" (Citations omitted.) LaCroix v. Board of Education, 199 Conn. 70, 78, 505 A.2d 1233
(1986); "[t]here are several exceptions to this rule." Young v. Chase, 18 Conn. App. 85, 91, 557 A.2d 134 (1989). "Declaratory judgment proceedings are appropriate for determining the validity of the regulations of an administrative agency." (Citation omitted.) Id. Cases in which an action for declaratory or injunctive relief can be maintained include those where any agency lacks jurisdiction due to defective notice, where statutory authority has been exceeded, or where the validity of a statute or ordinance is attacked." (Emphasis added.) (Citations omitted.) Id. The plaintiff seeks declaratory relief on the ground that the defendants had no authority to record the letter in the Land Records, and CT Page 11046 therefore, the defendants have exceeded their statutory authority. See (Plaintiff's Complaint, First Count para 8.) Even if the exhaustion doctrine was applicable to the instant action, the plaintiff has alleged that the defendants exceeded their statutory authority, and therefore, the plaintiff is entitled to bring the instant action.
The motion to dismiss is denied.
BALLEN, JUDGE