[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO STRIKE
ISSUE
Whether the defendant's motion to strike the plaintiff's CT Page 9102 complaint should be granted.
FACTS
By complaint dated April 22, 1994, the plaintiff City of New London commenced this action against the defendant Lawrence and Memorial Hospital, Inc. seeking money damages for overdue payments. The plaintiff alleges that the defendant's refusal to make said payments violates the plaintiff's recently adopted ordinance, which provides that "`The Registrar of Vital Records shall collect, for the initial recording of any certificate of birth or death occurring in the City of New London, a record fee of $10.00.'" See Plaintiff's Complaint.
On June 23, 1994, the defendant filed a motion to strike the plaintiff's complaint. The defendant filed a supporting memorandum of law and argues that the plaintiff's complaint is legally insufficient because it is inconsistent with General Statutes § 7-48 et seq. and 7-148 and because it constitutes an invalid tax.
DISCUSSION
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "The motion to strike . . . admits all facts well pleaded." Id., 142. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
"A motion to strike, like a demurrer, `is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged.'" (Citations omitted.) Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541, 549-50, 427 A.2d 822
(1980). "A motion to strike which imparts facts from outside the pleading is an improper `speaking motion to strike.'"Zanavich v. Lussier, 2 Conn. L. Rptr. 105, 106 (August 1, 1990, Kulawiz, J.), citing Conn. State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-83, 415 A.2d 771 (Super Ct. 1979).
The defendant's arguments in support of its motion to strike impart facts outside the pleading and is thus an CT Page 9103 improper speaking motion to strike. See Zanavich v. Lussier, supra; Conn. State Oil Co. v. Carbone, supra. Additionally, the appropriate vehicle by which to challenge the validity of an ordinance is a declaratory judgment action rather than a motion to strike. Young v. Chase, 18 Conn. App. 85, 91,557 A.2d 134 (1989), cert. denied 211 Conn. 807, 559, A.2d 1141 (1989). Therefore, the defendant's motion to strike the plaintiff's complaint is improper and is hereby denied.
Hurley, J.