[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MARCH 29, 1995
The above action seeks various remedies in four counts all arising out of the parties relationship as landlord-tenant relating to a residential premises in Stamford, Connecticut. The major claim is that of the presence of lead in paint in the dwelling unit and the resulting damages caused thereby including personal injury to a child under six years of age. The court has on March 28, 1995 ordered an extensive revision CT Page 2510-T of the complaint. The complaint as it stands contains various statutory claims under C.G.S. Sections 47a-4a,47a-7(a), 47a-16, 47a-18a, 47a-21 as well as a payment into court action under C.G.S. § 47a-14h. A claim for CUTPA damages is merged into the existing pleadings.
The defendants move to dismiss the entire complaint on the basis that this is a tort claim. In the alternative they seek to transfer the lawsuit to the regular docket of the judicial district.
The jurisdiction limitations of the Superior Court Housing Session are contained in C.G.S. Sections47a-68. The Housing Session has jurisdiction of statutory actions under the Title 47a. C.G.S. § 47a-68(e). It has jurisdiction of all code enforcement actions whether under the payment into court statute, C.G.S. 647a-14h, or other types of enforcement actions. C.G.S. § 47a-68(f). It has jurisdiction over security deposit issues whether arising out of the violation of C.G.S § 47a-21 or otherwise. C.G.S. § 47a-68(h). The Housing Session also has the catch-all jurisdiction of "All other actions of any nature concerning the health, safety or welfare of any occupant of any place used or intended for use as a place of human habitation if any such action arises from or is related to its occupancy or right of occupancy." C.G.S. § 47a-68(i).
Tort claims arising from any premises are not within the jurisdiction of the Housing Session. Public Act 80-268. C.G.S. § 47a-68(f) had once included tort claims but those claims are not now under the jurisdiction of the Housing Session of the Superior Court. These claims should be transferred to the jurisdiction of the Superior Court regular docket. Practice Book § 212, C.G.S. § 47a-70(a).
Lead paint personal injury cases are regularly brought to the regular docket of the Superior Court.Gutierrez v. Jefferson Medical Building, Inc., 12 CONN. L. RPTR., No. 14, 472 (September 27, 1994) (Hennessey, J). Dickerson v. Little, 6 CONN. L. RPTR. 508, 510 (1992) (Gray, J.). One lead paint injury case was tried to the Housing Session sitting courtside and CT Page 2510-U a substantial damage award for the personal injuries to a six-year-old child was entered. The damages were $828,626 plus $100,000 attorney fees in addition to offer of judgment interest in the amount of $152,766.Hardy v. Griffin, 41 Conn. Sup. 283, 288 (1989) (DeMayo, J.). It appears though that the preferred venue for such tort claims standing alone is the regular docket.Gore v. People's Savings Bank, 35 Conn. App. 126
(1994).
Connecticut Unfair Trade Practices claims arising out of a landlord-tenant relationship are within the jurisdiction of the Housing Session. Conaway v. Prestia,191 Conn. 484, (1983); Collazo v. Dias, NH-555, 5 CONN. L. RPTR. 59 (1991). Costales v. Gelines, H-906 (1989). In addition, the payment into the court action requires the Housing Session clerk to "promptly set the matter down for hearing to be held not more than fourteen days after the filing of the complaint." C.G.S. Section 47a-14h(c).
A motion to dismiss must be decided on the record before the court. Young v. Chase, 18 Conn. App. 85, 90
(1989). The pleadings have been ordered revised on March 28, 1995 by a Request to Revise consisting of 34 separate requests most of which were ordered to be complied with. It remains to be seen whether and to what extent the plaintiffs in the revised complaint will allege personal injury claims which if raised should eventually be transferred to the regular docket for the Judicial District of Stamford-Norwalk. C.G.S. Section47a-70(a).
Every presumption favoring jurisdiction should be indulged. Demar v. Open Space and ConservationCommission, 211 Conn. 416, 425 (1989).
The Motion to Dismiss and/or Transfer is denied.