[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS(#103 #108)
On May 17, 1995, the plaintiff, Bruce Johnson d/b/a Johnson Caulking and Building Restoration, filed a two count complaint, pursuant to General Statutes § 49-42, against the defendants, A. Prete and Son Construction Company, Inc. ("principal"), and the Aetna Casualty and Surety Company ("surety"). Therein, the plaintiff alleges the following:
On or about May 27, 1992, the principal and the surety executed their labor and material payment bond covering the East Haddam High School project. On or about March 9, 1993, the principal and the plaintiff entered into a written contract for the plaintiff to provide labor and materials for the consideration of $13,700.00. Thereafter, on September 20, 1993 and September 22, 1993, the principal and the plaintiff entered into two written change orders for the additional consideration of $6,500.00 and $25,500.00, respectively. The plaintiff has received payments from the principal in the amount of $30,646.00, leaving a balance due and owing of $15,054.00, which the principal and the surety have refused and neglected to pay.
On August 8, 1995 and August 12, 1995, the surety and principal, respectively, each filed a motion to dismiss the plaintiff's complaint and memorandums of law in support thereof. In response, on August 11, 1995 and August 17, 1995, the plaintiff filed memorandums of law in opposition to the defendants' motions to dismiss. Thereafter, on August 28, 1995, the plaintiff filed a supplemental memorandum of law in opposition to the surety's motion to dismiss and, on September 28, 1995, the principal filed a supplemental memorandum of law in support of its motion to dismiss.
A motion to dismiss is the proper vehicle by which to challenge the court's jurisdiction over the subject matter in a particular case. Practice Book § 142. Subject matter jurisdiction, which cannot be waived or conferred by consent;Serrani v. Board of Ethics, 225 Conn. 305, 308, 622 A.2d 1009
CT Page 14178 (1993); is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.LeConche v. Elligers, 215 Conn. 701, 709, 579 A.2d 1 (1990). A motion to dismiss admits all facts which are well pleaded. Youngv. Chase, 18 Conn. App. 85, 90, 557 A.2d 134 (1989). When deciding a motion to dismiss, however, the court's inquiry usually does not extend to the merits of the action. Rather, a motion to dismiss invokes the existing record, and generally must be decided upon that alone. Id.
The defendants argue that the court lacks subject matter jurisdiction over the present matter, because the plaintiff has failed to comply with Practice Book § 185, which requires that the notice mandated under General Statutes § 49-42(a) be either recited in the complaint or annexed thereto. In response, the plaintiff argues that General Statutes § 49-42(a) does not require it to give notice of its claim under the payment bond to either the principal or the surety, because it had a direct contract with the principal. In this regard, the plaintiff argues that the notice requirements of General Statutes § 49-42(a) apply only to "second-tier," rather than "first-tier" subcontractors. The court disagrees.
Practice Book § 185, which applies to payment bonds on public projects; Valley Oil Co. v. Barry, 18 Conn. Sup. 42, 43
(Super.Ct. 1952) provides:
 Whenever in an action of tort or upon a statute the plaintiff is compelled to allege the giving of a notice required by statute, he shall either recite the same in his complaint or annex a copy thereto.
Additionally, General Statutes § 49-42(a) provides, in relevant part, that:
 Any person who performed work or supplied materials for which a requisition was submitted to, or for which an estimate was prepared by, the awarding authority and who does not receive full payment for such work or materials within sixty days of the applicable payment date provided for in subsection (a) of section 49-41a, or any person who supplied materials or performed subcontracting work not included on a requisition or estimate who has not received full payment for such materials or work within sixty days after the date such materials were supplied or CT Page 14179 such work was performed, may enforce his right to payment under the bond by serving a notice of claim on the surety that issued the bond and a copy of such notice to the contractor named as principal in the bond within one hundred eighty days of the applicable payment date provided for in subsection (a) of section 49-41a, or, in the case of a person supplying materials or performing subcontracting work not included on a requisition or estimate, within one hundred eighty days after the date such materials were supplied or such work was performed.
General Statutes § 49-42(a).
Where, as here, "the language of the statute is clear and unambiguous, the courts cannot, by construction, read into statutes provisions which are not clearly stated." (Citations omitted; internal quotation marks omitted.) Farmers MechanicsSavings Bank v. Garofalo, 219 Conn. 81C, 814-15, 595 A.2d 341
(1991). See also Elections Review Committee of the EighthUtilities District v. FOIC, 219 Conn. 685, 692, 595 A.2d 313
(1991) ("[i]t is axiomatic that, where the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary").
General Statutes § 49-42(a) clearly and unequivocally states that, in order to enforce one's right to payment under a payment bond, one must serve a notice of one's claim on both the surety that issued the bond, and serve a copy of such notice to the contractor named as principal in the bond, within specified periods of time. Moreover, the Supreme Court, in Okee Industries,Inc. v. "National Grange Mutual Ins. Co., 225 Conn. 367, 371,623 A.2d 483 (1993), recently acknowledged that:
 The subcontractor's obligation to give notice to the general contractor of its claim on a payment bond, even if the subcontractor and the general contractor have a direct contractual relationship, was added by an amendment to the statute in 1987. Public Acts 1987, No. 87-345, § 2.
Accordingly, the court finds unpersuasive the plaintiff's argument that General Statutes § 49-42(a) applies only to "second tier" subcontractors rather than "first tier" subcontractors. It is true, as the plaintiff points out, that General Statutes § 49-42(a) does provide, in pertinent part, CT Page 14180 that:
 Any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing the payment bond shall have a right of action upon the payment bond upon giving written notice of claim as provided in this section.
However, the court agrees with the defendants that this language is meant to include second-tier subcontractors and suppliers, rather than to exclude first-tier subcontractors and suppliers from the statute's notice requirements, because the statute unambiguously provides that:
 any person . . . who has not received full payment . . . may enforce his right to payment under the bond by serving a notice of claim on the surety that issued the bond and a copy of such notice to the contractor named as principal in the bond . . . .
Further, while the Okee court held that a subcontractor may sue on a surety bond despite its failure to comply precisely with all of the notice requirements of General Statutes § 49-42(a), the court did not hold that a subcontractor need not provide, and plead,any notice. Moreover, the court specifically noted that the "substantial compliance' test to be used to assess the sufficiency of the contents ofa statutory notice is only to be used "[i]n the absence of specific statutory instructions to the contrary." Id., 377-78. Accordingly, the court declines to read Okee as a basis for alleviating the requirement of pleading notice, under General Statutes § 49-42(a), as mandated by Practice Book § 185.
In the present case, it is undisputed that the plaintiff neither recited the notice mandated under General Statutes § 49-42(a) in its complaint, nor annexed a copy of said notice thereto, in violation of Practice Book § 185. Additionally, it is well settled that the failure to provide notice, where it is required by statute, is fatal, because a complaint served without such notice deprives the court of its jurisdiction to hear the matter. See, e.g., Sheehan v.Altschuler, 148 Conn. 517, 523, 172 A.2d 897 (1961) (failure to comply with the mandatory provisions of a statute is a jurisdictional defect); Federal Deposit Ins. Corp. v. Buono,
Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 716392 (February 21, 1995, Tierney, J.) (just CT Page 14181 as Practice Book § 185 requires, in actions brought pursuant to General Statutes § 49-42, that a 180 day notice be recited in the complaint or annexed thereto, said practice book provision also requires, in summary process actions, that a Notice to Quit be either recited in the complaint or annexed thereto);Menditto v. Sambitsky, 6 Conn. L. Trib. No. 11, p. 18 (February 21, 1980, Spada, J.) (lack of subject matter jurisdiction where plaintiff failed to recite or annex a notice to quit to a summary process writ, because such notice was a statutory condition precedent to the proceedings and an integral part of the complaint); Valley Oil Co. v. Barry, supra, 18 Conn. Sup. 43
(sustaining a demurrer based on failure to provide notice under General Statutes § 49-42(a)'s predecessor, § 7215, pursuant to Practice Book § 185's predecessor, § 42, because "[f]ailure to comply with the rule leaves the complaint deficient in a vita particular"). See also SuzioAsphalt Co. v. Connecticut Indemnity Co., Superior Court, judicial district of Middlesex, Docket No. 71318 (September 30, 1994, Arena, J.) (compliance with the notice requirements set forth in § 49-42 is a mandatory prerequisite to the maintenance of a suit on a bond).
Accordingly, the court finds that the defendants' motions to dismiss ought to be, and are, hereby granted.
BY THE COURT:
STANLEY, J.