[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (#105)
On April 12, 1995, the plaintiffs, Stannard Beach Association ("SBA") and twelve individual members of said association, filed a five count complaint against the defendant, Deborah Katz.
Therein, the plaintiffs allege that the defendant has wrongfully obstructed, and continues to obstruct, a right of way held by the plaintiffs over the defendant's property. Additionally, the plaintiffs allege that the defendant has wrongfully restricted, and continues to restrict, the recreational beach rights of the plaintiffs.
Count one seeks a temporary and permanent injunction prohibiting the defendant from continuing to obstruct the alleged right of way and prohibiting the defendant from continuing to restrict the alleged recreational beach rights of the plaintiffs. Count two requests an order of the court setting forth the title rights of the plaintiffs. Count three seeks a declaratory order delineating the existence and location of the plaintiffs' right of way over the defendant's land, and describing the extent to which the subject beach property may be used by the plaintiffs. Count four sets forth a claim of estoppel, while count five sets forth a claim of adverse possession. CT Page 208
On August 7, 1995, the defendant filed a motion to dismiss the SBA's entire complaint, and a memorandum of law in support thereof. The defendant argues that, because the SBA has no standing to bring the within action, the court lacks subject matter jurisdiction over the case. Additionally, the defendant argues, that count three must be dismissed on the ground that inappropriate notice was given, thereby depriving the court of jurisdiction. In response, on September 8, 1995, the SBA filed an objection to the defendant's motion to dismiss and a memorandum of law in opposition' thereto. Thereafter, the defendant filed a reply memorandum of law addressing the SBA's objection.
A motion to dismiss is the proper vehicle by which to challenge the court's jurisdiction over the subject matter in a particular case. Practice Book § 142. Subject matter jurisdiction, which cannot be waived or conferred by consent; Serrani v. Board ofEthics, 225 Conn. 305, 308, 622 A.2d 1009 (1993); is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. LeConche v. Elligers,215 Conn. 701, 709, 579 A.2d 1 (1990). "It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction." Unisys Corp. v. Dept. of Labor, 220 Conn. 689, 693,600 A.2d 1019 (1991).
A motion to dismiss admits all facts which are well pleaded.Young v. Chase, 18 Conn. App. 85, 90, 557 A.2d 134 (1989). When deciding a motion to dismiss, however, the court's inquiry usually does not extend to the merits of the action. Rather, a motion to dismiss invokes the existing record, and generally must be decided upon that alone. Id.
The defendant first argues that count three of the SBA's complaint, which seeks a declaratory order, must be dismissed because it fails to comply with Practice Book § 390. Said section provides, in pertinent part, that:
 The court will not render declaratory judgment upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.
The Connecticut Supreme Court has "consistently insisted on a strict observance of this rule." Wenzel v. Danbury, 152 Conn. 675, CT Page 209 677, 211 A.2d 683 (1965). The Court has recently held, however, that "a trial court may entertain procedural efforts to cure a jurisdictional defect with regard to the giving of notice under Practice Book § 390 . . . ." Serrani v. Board of Ethics, supra,225 Conn. 309 n. 5, citing Connecticut Ins. Guaranty Assn. v. RaymarkCorp., 215 Conn. 224, 230, 575 A.2d 693 (1990).
In the present case, the record before the court establishes that "the pages of the General Meetings, Board Meetings and Committee Meetings minutes [submitted to the court]. . . are true and accurate copies of the meetings." Affidavit of Grace Barnett, Secretary of the Stannard Beach Association, dated August 29, 1995. Additionally, the record establishes that the SBA supplied copies of particular letters identifying the above-captioned lawsuit "toprospective individual plaintiffs in connection with this lawsuit." (Emphasis added.) Affidavit of Deborah Katz, dated August 3, 1995. The record fails to clearly establish, however, that "all persons having an interest in the subject matter of the complaint" have either been made parties to the action or have been given reasonable notice thereof. Additionally, the record fails to establish that the SBA has attempted to cure this defect by either joining as parties all persons having an interest in the subject matter of the complaint, or by obtaining an order of notice from the court for the purpose of informing all such persons of the pendency of this lawsuit. Id. Accordingly, the defendant's motion to dismiss count three of the SBA's complaint is hereby granted.
The defendant further argues that the court lacks subject matter jurisdiction over the present matter, because the SBA, as an association, lacks standing to bring suit on behalf of its members under the facts of the instant case. "[A]n organization has standing to sue in its own right if the associational ties of its members are injured. Additionally, an organization has standing to sue on behalf of its injured members, even in the absence of injury to the organization itself." (Citations omitted.) PaucatuckEastern Pequot Indians v. Indian Affairs Council, 18 Conn. App. 4,9, 555 A.2d 1003 (1989). An association has standing to bring suit on behalf of its members, however, only if:
 (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) requires the participation of individual members in the lawsuit.
CT Page 210
Connecticut Association of Health Care Facilities. Inc. v. Worrell,199 Conn. 609, 616, 508 A.2d 743 (1986).
Appellate caselaw indicates that, in order to satisfy the third requirement set forth above, the individuals represented by the association must not be seeking money damages. See, e.g.,State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295,305, 524 A.2d 636 (1987); Connecticut Association of HealthCare Facilities, Inc. v. Worrell, supra, 199 Conn. 617; PaucatuckEastern Pequot Indians v. Indian Affairs Council, supra, 18 Conn. App. 10. In the present case, however, the SBA's complaint seeks both "damages" and "monetary damages." Accordingly, even assuming that proper notice pursuant to Practice Book § 390 had been given, the court would nonetheless be constrained to grant the defendant's motion to dismiss the SBA's entire complaint.
BY THE COURT:
STANLEY, J.