[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Wheelabrator Putnam, Inc., (Wheelabrator), and the Putnam Zoning Commission (Commission) move to dismiss this action for lack of subject matter jurisdiction.
The plaintiffs are property owners in Putnam whose land is purportedly close to the site of property for which the Commission granted Wheelabrator's application for a special use permit to construct and operate an ash landfill. The plaintiffs' complaint alleges that Wheelabrator's application, the minutes of the hearing, and the published notice of decision by the Commission concerning this special use permit refer to the property as Lot 7 on Assessor's Map 20T when that lot is not part of the landfill property and is owned by strangers to the application and this suit.
A motion to dismiss admits all well-pleaded facts, and the court is limited to consideration of record. Young v. Chase,18 Conn. App. 85, 90 (1989). The complaint contains the following allegations. On September 18, 1996, the Commission approved the application and on October 29, 1996, published notice of its decision. The plaintiffs never appealed that decision to the superior court but, instead, began this action seeking a declaratory judgment and injunctive relief. The misdescription of the subject property is the basis for the plaintiffs' claims.
The defendants move to dismiss on the ground that § 6(c) of Special Act 97-6 validated the Commission's decision, defective notice notwithstanding. The plaintiffs counter that the effect of the validating act goes to the merits of the action rather than the court's jurisdiction to hear the case. The court agrees with the defendants.
Generally, where a statutory right of appeal from the doings of an administrative agency exists, an aggrieved party must utilize that appeal rather than commence an independent action to CT Page 46 contest the agency decision. Payne v. Fairfield Hills Hosp,215 Conn. 675, 679 (1990); LaCroix v. Board of Education,199 Conn. 70, 78 (1986). There are four recognized exceptions to this rule, viz. (1) where the constitutionality of a statute or regulation is challenged, Payne v. Fairfield Hills Hosp. , supra, 680; (2) where recourse to the agency would be futile or inadequate,Cannata v. D.E.P., 215 Conn. 616, 628 (1990); (3) where an administrative agency lacks subject matter jurisdiction to act because of defective notice, Young v. Chase, supra, 91; and (4) where the agency's statutory power has been exceeded. Id.
Under G.S. § 8-8 (b), the plaintiffs could have appealed to the superior court from the Commission's issuance of the special use permit but failed to do so. Consequently, in order to maintain this independent action challenging that decision, the plaintiffs must fall within one of the recognized exceptions. The only exception claimed by the plaintiffs pertains to defective notice. Assuming the plaintiffs' allegations to be true, the Commission's decision would have been void permitting the plaintiffs to bring this suit. Upjohn Co. v. Z.B.A.,224 Conn. 96, 101 (1992); Koepke v. Z.B.A., 223 Conn. 171, 175 (1992);Koskoff v. Planning and Zoning Commission, 27 Conn. App. 443, 446
(1992).
Thus, the question before the court is whether the validating act which was passed subsequently cures the defective notice, takes the plaintiffs out of the exception noted above, and deprives the court of subject matter jurisdiction. The court concludes that it does.
The facts of the case of Young v. Chase, supra, are tantalizingly close to those in the present case with one critical difference. In that case, an applicant obtained a special use permit from the local zoning authority for the construction and operation of a television transmission tower. The plaintiffs failed to appeal from the granting of that permit but later filed an independent action requesting declaratory and injunctive relief. The basis for the action was that the application and notice of decision failed to mention a parcel of land upon which the tower would stand. After that suit was filed a validating act became effective. The defendants moved to dismiss the action based on the passage of the validating act. The trial court granted the, motion to dismiss.
The Appellate Court reversed the trial court and held that CT Page 47 language in the act itself stated that the act was inapplicable to matters which were pending in court before the effective date of the act. Id., 98. Because the plaintiffs in that case had begun the action before the validating act took effect, the defective notice remained uncured, and the case could proceed.
In the present case, the plaintiff commenced this action on September 10, 1997, nearly five months after the effective date of S.A. 97-6 which was April 18, 1997. Once S.A. 97-6 took effect, the irregularities regarding notice ceased to invalidate the Commission's decision. Because that decision was no longer void when the plaintiffs began this action, no exception to the rule barring such suits obtains. The failure of the plaintiffs to take an appeal as provided by § 8-8 (b) or to commence an independent action before the effective date of S.A. 97-6
deprives this court of subject matter jurisdiction to adjudicate the merits of the plaintiffs' claims.
The motions to dismiss are granted.
Sferrazza, J.