[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE: DEFENDANT'S MOTION TO DISMISS
In this residential summary process action, the defendants, Michael Storm and Barbara Storm, have filed a motion to dismiss pursuant to Practice Book § 143, now Practice Book (1998 Rev.) § 10-31, alleging lack of subject matter jurisdiction. Specifically, the defendants claim that the court lacks jurisdiction because the plaintiff failed to annex a copy of the pretermination notice and notice to quit to the complaint as required by Practice Book § 185, now Practice Book (1998 Rev.) § 10-68. The plaintiff claims that service of copies of the notice to quit on the defendants after an appearance has been entered on their behalf fulfills the summary process notice requirements pursuant to Practice Book § 141, now Practice Book (1998 Rev.) § 10-29.
A motion to dismiss is used to test the jurisdiction of the court. Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). The motion to dismiss "admits all facts which are well pleaded, invokes the existing the record and must be decided upon that alone." Young v. Chase, 18 Conn. App. 85, 90,557 A.2d 134 (1989).
"As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Lampasona v. Jacobs,209 Conn. 724, 729, 553 A.2d 175, cert. denied, 492 U.S. 919,109 S.Ct. 3244, 106 L.Ed.2d 590 (1989). The plaintiff is required to serve a notice to quit in order to commence a summary process CT Page 4381 action. General Statutes § 47a-23. While the complaint in a summary process action is not statutorily required to annex or recite the notice to quit, present Practice Book § 10-68 provides that "[w]henever in an action of tort or upon a statute the plaintiff is compelled to allege the giving of a notice required by statute, he shall either recite the same in his complaint or annex a copy thereto."
Several trial courts are in accord that a summary process complaint served without an annexed notice to quit and without a full recitation of the notice deprives the court of jurisdiction.Menditto v. Sambitsky, Superior Court, judicial district of Hartford, Docket No. SPNH-7912-978 (February 21, 1980)(Spada, J.);O. Associates v. Sweeney, Superior Court, judicial district of Stamford, Docket No. SPNO8307-00912 (August 18, 1983)(Driscoll, J.); Levenstein v. Ouinones, Superior Court, judicial district of New Haven, Docket No. SPNH8206-1752 (July 13, 1982).
In this case, however, the plaintiff did not annex the notice to quit or fully recite the notice in the complaint. Nevertheless, the plaintiff claims that present Practice Book § 10-29 provides an alternative means of satisfying the summary process notice requirements.
Present Practice Book § 10-29 provides in pertinent part that "[w]here the plaintiff desires to make a copy of any document a part of his complaint, he may, without reciting it or annexing it, refer to it as Exhibit A, B, C, etc., . . . but in such case he shall serve a copy of such exhibit or exhibits on each other party to the action . . ." The statutory scheme creating summary process provides a speedier method or litigation for a landlord attempting to evict a tenant and accordingly is strictly construed, mandating notice in order to give the tenant information necessary to "protect herself against premature, discriminatory or arbitrary eviction." Jefferson Garden Associates v. Greene, 202 Conn. 128,143, 520 A.2d 173 (1987).
By failing to recite or annex the notice to quit in the complaint, the plaintiff failed to apprise the defendants in accordance with the statutory requirements. Compliance with present Practice Book § 10-29 does not remedy the failure to comply with present Practice Book § 10-68, which is required for statutory actions. Federal Deposit Insurance Corp. v. Buono, Superior Court, Docket No. 16392, judicial district of Stamford (February 21, 1995)(Tierney, J.). The plaintiff's notice is therefore CT Page 4382 insufficient.
Accordingly, for the foregoing reasons, the defendants' motion to dismiss is granted.
DUNN J.